NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMARIA BIRCH,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., *et al.*,<br><br>Defendants. | Civil Action No.: 15-1296 (CCC-JBC)<br><br>OPINION |

**CECCHI, District Judge.**

I.      **INTRODUCTION**

This matter comes before the Court on a motion of Wal-Mart Stores East, L.P.[1] ("Wal-Mart") to dismiss Plaintiff Tamaria Birch's ("Plaintiff") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.[2] Having considered the parties' submissions and for the reasons set forth below, the Court grants in part and denies in part Defendant Wal-Mart's motion to dismiss. Defendant Wal-Mart's motion to dismiss is granted with respect to Counts One and Three of the Complaint. Defendant Wal-Mart's motion to dismiss is denied with respect to Count Two of the Complaint.

---

[1] Wal-Mart Stores East, L.P. alleges that Wal-Mart Stores, Inc. is not the correct defendant in this case but rather that Wal-Mart Stores East, L.P. is the correct defendant because it is the operating entity for the Wal-Mart store number 3292 in Union, NJ, where the plaintiff was employed.

[2] The Court considers any arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II.  BACKGROUND

The following facts are alleged in the Complaint.  Plaintiff began employment on or about April 15, 2008 as an overnight receiving associate for Defendant Wal-Mart.  (Compl.[3] ¶ 10.)  She was employed at Wal-Mart store number 3292, located at 900 Springfield Road, Union, NJ 07083.  (*Id.*)

On August 7, 2013, Jose Devalle (a store manager) and Bianca[4] (a manager from the loss-prevention department of the store) accused Plaintiff of theft.  (*Id.* ¶ 12.)  Bianca made the following statements to Plaintiff:

> "We have seen you on camera going through an associate's purse and stealing from an associate's purse." (*Id.* ¶ 13.)
>
> "We are going to have you arrested for stealing from an associate's purse." (*Id.* ¶ 14.)

After Plaintiff informed Jose and Bianca that the allegations were false, they continued to accuse her.  (*Id.* ¶ 15.)  Jose called the police and two police officers came to the store.  (*Id.* ¶ 16.)  Jose and Bianca continued making accusations of theft in the presence of the police officers.  (*Id.* ¶ 17.)

The police officers and Plaintiff requested to see the video footage of the theft but Jose and Bianca refused to produce the video.  (*Id.* ¶ 18.)  Jose and Bianca told Plaintiff and the police officers: "We saw you, Tamaria Birch stealing money from Tevana Lewis' pocket book." (*Id.* ¶ 19.)  Jose then fired Plaintiff and asked the police officers to escort Plaintiff from the building.  (*Id.* ¶ 20.)  Plaintiff was not given a hearing or an opportunity to defend herself regarding the accusations.  (*Id.* ¶ 24.)

The following day, on August 8, 2013, several of Plaintiff's former co-workers told Plaintiff that they had heard from Jose and Bianca that Plaintiff was fired because she stole money

---

[3] ECF No. 1-3.
[4] Plaintiff does not know Bianca's last name.

from Tevana's purse. (*Id.* ¶ 22.) Plaintiff's Complaint does not identify the former co-workers who allegedly reported that information to her.

Plaintiff alleges that the accusations against her were false at the time they were made and they are still false. (*Id.* ¶ 25.) Plaintiff further alleges that Jose and Bianca, as representatives of Defendant Wal-Mart, knew that the accusations were false, which is why they allegedly refused to produce the video evidence they claimed to have. (*Id.* ¶¶ 28, 29.) Finally, Plaintiff alleges that Jose and Bianca, as representatives of Defendant Wal-Mart, accused Plaintiff of theft solely for the purpose of terminating her employment and otherwise harassing and harming her. (*Id.* ¶ 27.)

Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Essex County on July 28, 2014 against Wal-Mart and three individual defendants, asserting claims of wrongful discharge, defamation, and negligence. On February 19, 2015, after the three individual defendants were dismissed from the case, Defendant Wal-Mart removed the case to this Court on the basis of diversity of citizenship jurisdiction. (*See* ECF No. 1.) Defendant Wal-Mart filed the instant motion to dismiss (ECF No. 5) on March 12, 2015.

### III.   LEGAL STANDARD

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, Courts are required to accept all well-pleaded allegations in the Complaint as true and to draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further

3

factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## IV.   DISCUSSION

### A. The Court Will Dismiss Count One Of Plaintiff's Complaint (Wrongful Discharge) For Failure To State A Claim

i. The Complaint fails to state a claim for "wrongful discharge."

Under New Jersey law, there exists a presumption that employees are "at will." *Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 397 (1994). "The at-will presumption may only be overcome where such intention is 'specifically stated in explicit, contractual terms.'" *Anderson v. DSM N.V.*, 589 F. Supp. 2d 528, 534 (D.N.J. 2008) (citing *Bernard v. IMI Sys., Inc.*, 131 N.J. 91, 106 (1993)). Here, Plaintiff has pleaded no facts to suggest that her employment relationship with Defendant Wal-Mart was anything other than at-will. "Under an at-will scheme, an employer may terminate employment for good reason, bad reason, or no reason at all." *Id.* (citing *Witkowski*, 136 N.J. at 397).

New Jersey only recognizes a claim for wrongful discharge in rare circumstances when the discharge violates a clear mandate of public policy. *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 73 (1980) ("[E]mployers will know that unless they act contrary to public policy, they may discharge employees at will for any reason."). Therefore, "[i]f an employee does not point to a clear expression of public policy, the court can grant a motion to dismiss or for summary judgment." *Id.*; *see also Hennessey v. Coastal Eagle Point Oil Co.*, 129 N.J. 81, 91 (1992) ("This state's courts have found a wrongful-discharge cause of action to exist when based on a clearly-articulated public policy.")

Here, Plaintiff's allegations do not demonstrate that any clearly established right or mandate of public policy is at issue. Accepting all of the allegations in the Complaint as true, the interests in this case belong exclusively to private parties. Specifically, the only interests at stake belong to Wal-Mart and Plaintiff, the two members of the at-will employment relationship. Therefore, Plaintiff fails to state a claim for wrongful discharge under New Jersey law.

ii. The Complaint fails to state a claim for "abuse of process".

Plaintiff contends that the wrongful discharge claim is "inextricably linked to her claim for abuse of process . . . even if the wrongful discharge claims[sic] is improperly worded . . . ." (Pl. Opp. Br. at 7.) Plaintiff argues that the factual allegations in the Complaint support a cause of action for abuse of process.

"The essential elements of misuse or abuse of process 'are an ulterior motive and some further act after the issuance of process representing the perversion of the legitimate use of the process.'" *Tare v. Bank of Am.*, No. 07-583, 2009 U.S. Dist. LEXIS 23125, at *18 (D.N.J. Mar. 23, 2009) (citing *Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1036-37 (3d Cir. 1988)); *see also Fielder Agency v. Eldan Constr. Corp.*, 152 N.J. Super. 344, 348 (N.J Super. Ct. Law Div. 1977). A successful claim for abuse of process requires a defendant's "improper, unwarranted and perverted use of process after it has been issued." *Tedards v. Auty*, 232 N.J. Super. 541, 549 (N.J. Super. Ct. App. Div. 1989) (citing *Ash v. Cohn*, 119 N.J.L. 54, 58 (1937)).

Plaintiff's Complaint fails to allege facts sufficient to support either element of a claim for abuse of process. First, regarding the ulterior motive element, Plaintiff contends in her opposition brief that "[t]he Defendants ulterior motive in the instant case was to find a way to embarrass and terminate the Plaintiff." (Pl. Opp. Br. at 8.) The Complaint, however, states no facts that would allow the Court to even infer such an ulterior motive. In fact, because Plaintiff was an at-will

employee, Wal-Mart could have terminated Plaintiff for no reason—accordingly, the alleged desire to terminate Plaintiff did not create any motive to pervert the legitimate use of process.

Second, regarding the issuance of process, there is no allegation that any process was issued or, in the alternative, that Defendant Wal-Mart took any further acts to pervert the legitimate use of such process. Plaintiff alleges that Jose and Bianca called the police and asked them to escort Plaintiff out of the store. (Compl. ¶¶ 16, 20, 21.) Absent any evidence that Plaintiff was arrested or that any summons or warrant was issued, the mere fact that Plaintiff was escorted from the premises does not constitute issuance of process, as a matter of law. *See Ruberton v. Gabage*, 280 N.J. Super. 125, 131 (N.J. Super. Ct. App. Div. 1995). Furthermore, Plaintiff has made no allegation that Defendant Wal-Mart took any "further act" with respect to Plaintiff after she was terminated and escorted from the premises. *See Tare*, 2009 U.S. Dist. LEXIS 23125, at *7, 18. Therefore, Plaintiff fails to state a claim for abuse of process under New Jersey law.

Because the Complaint fails to state a claim for wrongful discharge or abuse of process, the Court will dismiss Count One of the Complaint.

### B. The Court Will Dismiss Count Three Of Plaintiff's Complaint (Negligence) For Failure To State A Claim

Defendants argue that Plaintiff's negligence claim is preempted by New Jersey's Workers' Compensation Act. *See* N.J. Stat. Ann. § 34:15-8; *see Mardini v. Viking Freight, Inc.*, 92 F. Supp. 2d 378, 386 (D.N.J. 1999) ("An action in negligence by an employee against an employer in New Jersey is barred by the New Jersey Workers' Compensation Act.") Plaintiff counters that the negligence claim is not preempted because it fits the "intentional wrong" exception to the New Jersey Workers' Compensation Act. *See* N.J. Stat. Ann. § 34:15-8; *see Millison v. E.I. du Pont deNemours & Co.*, 101 N.J. 161 (1985).

As an initial matter, tort law can be divided between intentional torts and negligence. It would be contrary to the very definition of "negligence" to categorize a negligence claim within the "intentional wrong" exception to the New Jersey Workers' Compensation Act.

Furthermore, the "intentional wrong" exception is interpreted narrowly to allow "as many work-related disability claims as possible be processed exclusively within the [Workers' Compensation] Act." *Millison*, 101 N.J. at 177. To satisfy the "formidable" standard of the intentional wrong exception, *Van Dunk v. Reckson Assocs. Realty Corp.*, 210 N.J. 449, 451 (2012), Plaintiff must satisfy two conditions: (1) the employer must know that his actions are substantially certain to result in injury or death to the employee, and (2) the resulting injury and the circumstances of its infliction on the worker must be (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the Workers' Compensation Act to immunize. *Laidlow v. Hariton Mach. Co.*, 170 N.J. 602, 617 (2002). In this case, the pleaded facts do not satisfy this formidable standard.

Lastly, as Defendant Wal-Mart points out, Plaintiff's Complaint contains an independent claim for defamation—an intentional tort. Plaintiff now attempts to recast her negligence claim as an intentional tort (either defamation or intentional infliction of emotional distress) in order to fit it within the "intentional wrong" exception. (*See* Pl. Opp. Br. at 14.) To the extent that the negligence claim is duplicative of the defamation claim, it is addressed below. To the extent that Plaintiff sought to bring a cause of action for intentional infliction of emotional distress, that claim does not appear in the Complaint, nor does the Complaint plead facts sufficient to demonstrate the elements of that tort. While the Complaint uses terms like "outrageous" and "severe emotional distress," these legal conclusions are not supported by facts. (*See, e.g.*, Compl. ¶¶ 41, 53.)

Because the Complaint fails to state a claim for negligence, the Court will dismiss Count Three of the Complaint.

### C. The Court Will Not Dismiss Count Two Of Plaintiff's Complaint (Invasion Of Privacy, Defamation, Slander Per Se)

Under New Jersey law, "the elements of a defamation claim are: (1) assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *DeAngelis v. Hill*, 180 N.J. 1, 13 (2004). "In the case of a complaint charging defamation, plaintiff must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication. A vague conclusory allegation is not enough." *Zoneraich v. Overlook Hosp.*, 212 N.J. Super. 83, 101 (N.J. Super. Ct. App. Div. 1986).

Regarding the second element of a defamation claim, courts in New Jersey have recognized the concept of a qualified privilege to make otherwise defamatory statements in certain instances. *See, e.g., Dairy Stores, Inc. v. Sentinel Pub. Co.*, 104 N.J. 125, 137 (1986). One such instance is in the case of a "qualified privilege to make statements to authorities for the prevention and detection of crime." *Id.* Another such instance is a communication between an employer and its employees concerning the reasons for an employee's discharge or discipline. *See, e.g., Ramsdell v. Pa. R.R. Co.*, 79 N.J.L. 379, 381 (1910).

Ultimately, the fact that a defamatory statement turns out to be untrue does not remove the protection of the qualified privilege. *See Fees v. Trow*, 105 N.J. 330, 338 (1987) ("The purpose of the qualified privilege[] is to give to the person who utters defamatory words that are in fact untrue protection from legal liability for that defamation if those words are uttered in furtherance of the policy that the qualified privilege is designed to accommodate."). However, it is also clear that "[a]buse of the privilege results in liability for defamation. The privilege is abused if (1) the

publisher knows the statement is false or the publisher acts in reckless disregard of its truth or falsity; (2) the publication serves a purpose contrary to the interests of the qualified privilege; or (3) the statement is excessively published." *Williams v. Bell Tel. Labs. Inc.*, 132 N.J. 109, 121 (1993).

Plaintiff's Complaint alleges two potentially actionable defamatory statements (or series of statements) that were made by representatives of Defendant Wal-Mart. First, the Complaint alleges that Jose and Bianca made defamatory statements to the police. (Compl. ¶ 19.) Second, the Complaint alleges that "defendants, including Tevana" made statements to Plaintiff's former co-workers regarding the reason for Plaintiff's termination. (*Id.* ¶ 22.) For both of these allegations, the pleaded facts are sufficient at this stage to support a claim for defamation.

> i. The Complaint pleads facts sufficient to support a conclusion that Jose and Bianca's statements to the police were not privileged.

Regarding Jose and Bianca's statements to the police, Plaintiff has clearly alleged sufficient facts in the Complaint, taken as true, to support the first and third elements of a claim for defamation. The only dispute between the parties is whether the facts in the Complaint support the allegation that those statements were "unprivileged." Defendants argue that the statements were privileged because they were made to police in connection with the detection of a crime. (Def. Opening Br. at 5.)

Plaintiff argues the qualified privilege does not apply because Jose and Bianca knew that the accusations against Plaintiff were false. (Pl. Opp. Br. at 10; *see also* Compl. ¶ 28.) Plaintiff supports this allegation with an inference drawn from Jose and Bianca's alleged failure to produce video evidence upon request. (Compl. ¶ 29.) In evaluating a motion to dismiss, this Court "must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234

(3d Cir. 2008). The Court finds that Plaintiff has pleaded sufficient facts, taken as true, to allow the inference that Jose and Bianca knew that their statements to the police were false. While the Court makes no evaluation of the persuasiveness of Plaintiff's inference regarding Jose and Bianca's alleged refusal to produce the video, the Court cannot find that Plaintiff's inference is unreasonable. At the very least, the Complaint pleads sufficient facts, taken as true, to support the conclusion at this point in the proceedings that Jose and Bianca failed to conduct a reasonable investigation into the truth of the statements they made to police.

Accordingly, the facts as pleaded in the Complaint support the conclusion that Jose and Bianca forfeited their qualified privilege. *See Williams*, 132 N.J. at 121. Plaintiff's Complaint, therefore, states a claim for defamation with respect to Jose and Bianca's statements to the police.

        ii. <u>The Complaint pleads facts sufficient to support a conclusion that the statement made to Plaintiff's former co-workers was defamatory and was not privileged.</u>

Regarding the next-day statements to Plaintiff's former co-workers, Defendant first argues that Plaintiff's Complaint fails to identify with specificity who said what to whom. (Def. Opening Br. at 8.) However, Plaintiff has identified the utterer as "defendants, including Tevana." (Compl. ¶ 22.) At the time the Complaint was filed in state court (prior to the individuals being dismissed from the case), the allegation was clearly that Jose, Bianca, and Tevana made the statement to Plaintiff's former co-workers. Furthermore, the Complaint identifies the nature of the defamatory words.

Alternatively, Defendant argues that New Jersey courts have recognized that communications between an employer and its employees concerning the reasons for other employees' discharge and discipline are protected by a qualified privilege. (Def. Opening Br. at 7.) However, that privilege is forfeited if "the publication serves a purpose contrary to the interests of the qualified privilege[] or [] the statement is excessively published." *Williams*, 132

10

N.J. at 121. Although Defendant cites numerous cases in which statements made by employers to employees were protected by qualified privileged, Plaintiff adequately distinguishes those cases.

As Plaintiff points out, in this case, the alleged defamatory statements pertain to the serious accusations of unverified criminal activity, publicized one day after the occurrence despite the vigorous denial of the accusations by Plaintiff. (Pl. Opp. Br. at 12.) Plaintiff also notes that the accusations against Plaintiff did not relate to the performance of any company business but rather to an apparent he-said-she-said conflict between two employees. (*Id.* at 12-13.) The qualified privilege for the employer to protect its own interest would seem to be outweighed by the need to protect Plaintiff's reputation from defamation. *See, e.g., Lynch v. N.J. Educ. Ass'n*, 161 N.J. 152, 166 (1999) ("[T]he purpose of the law of defamation is to strike the right balance between protecting reputation and preserving free speech."). Furthermore, considering that Plaintiff had already been terminated, the pleaded facts support the conclusion that it was "excessive publication" for Wal-Mart to publish the following day accusations that Plaintiff had vigorously denied.

Because the facts as pleaded in the Complaint support a claim for defamation, Count Two of the Complaint will not be dismissed.

## V.     CONCLUSION

Having reviewed the parties' submissions, the Court grants in part and denies in part Defendant Wal-Mart's motion to dismiss. The Court dismisses Counts One and Three of the Complaint without prejudice. The Court denies Defendant's motion to dismiss Count Two of the Complaint and does not dismiss Count Two of the Complaint. An appropriate Order accompanies this Opinion.

11

Dated: December 9, 2015

                                                                                                                     CLAIRE C. CECCHI, U.S.D.J.